ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
DEBRA A. SMITH, SBN 147863 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave, 5th Fl. West
San Francisco, CA  94102
Telephone No. (415) 522-3034
Fax No. (415) 522-3425
Debra.Smith@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>COOKING ROUND THE WORLD, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Alexis Le who was adversely affected by such practices.  As alleged with greater particularity in the Statement of Claims below, Defendant, Cooking Round the World, Inc., violated the ADA by failing to assign Le work as a Chef Educator because it regarded her as disabled with contagious active tuberculosis.  Defendant also violated the

1

ADA by failing to maintain the confidentiality of Le's medical information and by commingling Le's medical documents with her personnel file.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in the United States District Court for the Northern District of California, Oakland Division because the employment practices occurred in Defendant's headquarters in Oakland, California.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the EEOC or Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference, 42 U.S.C. §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Cooking Round the World, Inc. (Defendant), a California Close Corporation headquartered in Oakland, has continuously been doing business in the State of California, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

**7.** At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Alexis Le filed a charge with the Commission alleging that Defendant discriminated against her in violation of the ADA.

9. By letter dated June 25, 2018, the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADA.

10. By letter dated June 28, 2018, the EEOC invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The EEOC communicated with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the EEOC's Letter of Determination.

12. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. By letter dated July 24, 2018, the EEOC issued to Defendant notice that efforts to conciliate were unsuccessful and that further conciliation efforts would be futile or non-productive.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

15. Defendant hired Alexis Le as a Chef Educator on or about November 29, 2016 after concluding that she had the requisite background, skill and experience to perform the essential functions of the job.

16. Le satisfactorily performed her work as a Chef Educator from the date of her hire through her last day of work in March 2017.

17. In mid-March 2017, Le learned that she was infected with latent tuberculosis (TB). Latent TB is not contagious and cannot be spread to others.

18. Le's doctors prescribed nine months of medication that upon completion of treatment would permanently suppress the TB bacteria so that it would remain latent indefinitely.

19. On or about March 29, 2017, Le emailed Defendant informing it of her TB diagnosis and requesting a short medical leave to begin treatment. Defendant granted the leave of absence.

20. On or about May 19, 2017, Le visited Defendant to notify Defendant that she was ready to return to work and available for new assignments.

21. Defendant's owner Mindy Myers reacted negatively to Le's latent TB diagnosis, informed Le that people with TB could not work in schools or with food and that Defendant could not allow Le to continue her work as a Chef Educator. As Le was leaving, Myers told Le that she wanted to hug her, but could not because she did not want to contract TB.

22. Defendant offered Le leafleting work to promote its afterschool and summer camp programs. The leafleting position paid less and had significantly fewer hours than the Chef Educator position.

23. On or about May 21, 2017, Le emailed Defendant to complain that it was treating her latent TB as if she were contagious. She questioned why Defendant would not accept her doctor's certification that she was not contagious when the public-school system accepted it to permit her to continue working as a volunteer and she also was able use the same medical certification to continue working as a part-time medical assistant. Nevertheless, Defendant refused to permit Le to return to work as a Chef Educator.

24. The California Code of Education permits people with latent TB to work with children if they have a medical certification showing that they have submitted to a tuberculosis risk assessment and, if tuberculosis risk factors were identified, were examined and found to be free of infectious tuberculosis. *See* California Code of Regulations, Title V, California Education Code Section 49406(m)  (last visited August 30, 2018). Le had the required physician's certification.

25. After Le informed Defendant that she had become infected with latent TB, Myers disclosed Le's TB diagnosis to another Chef Educator who had no reason to know of the diagnosis.

26. Defendant commingled Le's confidential medical records regarding her TB with non-confidential personnel records. Defendant also commingled medical records of other employees with their non-confidential medical records.

27. Since at least March 2017, Alexis Le has been a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Defendant regarded Le as disabled by contagious tuberculosis.

28. Since at least May 2017, Defendant has engaged in unlawful employment practices, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Defendant discriminated against Alexis Le when Defendant refused to allow her to work as a Chef Educator because of her latent TB diagnosis.

29. The ADA provides that medical information obtained by an employer must be treated as confidential and can only be disclosed to the employee's supervisor or manager to implement related restrictions or to provide necessary accommodations. 42 U.S.C. §§ 12112(d)(3)(B)(i) and (d)(4)(C).

30. Defendant violated Sections 102(d)(3)(B)(i) and 102(d)(4)(C) of the ADA when Myers informed one of Le's co-workers about her TB diagnosis, as set forth in paragraph 25 above.

31.     The effect of the practices complained of in paragraphs 15 through 25 above has been to deprive Alexis Le of equal employment opportunities and otherwise adversely affect her status as an employee because of her perceived disability.

32.     The unlawful employment practices complained of in paragraphs 15 through 25 above were intentional.

33.     The unlawful employment practices complained of in paragraphs 15 through 25 above were committed with malice or with reckless indifference to Le's federally protected rights.

34.     The ADA provides that information obtained regarding the medical condition or history of applicants or employees must be maintained on separate forms and in separate medical files and must be treated as confidential.  42 U.S.C. § 12112(d)(3)(B).

35.     Defendant violated Section 102(d)(3)(B) of the ADA by failing to keep its employees' and applicants' medical records separate from their non-confidential personnel files, as set forth in paragraph 26 above.

36.     The effect of the practice complained of in paragraph 26 above has been to deprive Defendant's employees and applicants of equal employment opportunities and otherwise adversely affect their status as employees and applicants.

37.     The unlawful employment practice complained of in paragraph 26 above was intentional.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Cooking Round the World, Inc., its officers, servants, employees, attorneys, all persons in active concert or participation with it, and successors, from engaging in any employment practice that discriminates based on disability.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Alexis Le by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D.  Order Defendant to make whole Alexis Le by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 through 25 above, including any job search and related expenses, in amounts to be determined at trial.

E.  Order Defendant to make whole Alexis Le by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 through 25 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 15 through 25 above, in amounts to be determined at trial.

G.  Order Defendant to maintain the confidentiality of its applicant and employee medical information as required by 42 U.S.C. §§ 12113(d)(3)(B)(i) and (d)(4)(C).

H.  Order Defendant to comply with the ADA's record keeping requirements and ensure that each employee's medical information is maintained separately from his or her non-medical personnel file, in compliance with 42 U.S.C. § 12113(d).

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

/s/ *Roberta L. Steele*
Regional Attorney

/s/ *Marcia L. Mitchell*
Supervisory Trial Attorney

/s/ *Debra A. Smith*
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

San Francisco District Office