ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
DEBRA A. SMITH, SBN 147863 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone: (415) 522-3034
Facsimile: (415) 522-3425
Debra.Smith@eeoc.gov

*Attorneys for Plaintiff EEOC*

WILLIAM D. WHITEMAN, SBN 100469 (CA)
LAW OFFICES OF WILLIAM D. WHITEMAN
601 California St., Suite 1300
San Francisco, CA 94108
Telephone: (415) 989-3300
Facsimile: (415) 963-4131
wwhiteman@wdwlawoffices.com

*Attorneys for Defendant Cooking Round the World, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>COOKING ROUND THE WORLD, INC.,<br><br>Defendant. | Case No.: 3:18-cv-05880-EDL<br><br>**[PROPOSED] AMENDED CONSENT DECREE** |

## INTRODUCTION

On September 25, 2018, Plaintiff United States Equal Employment Opportunity Commission (EEOC) filed this action pursuant to the Americans with Disabilities Act of 1990 as amended (ADA) and Title I of the Civil Rights Act of 1991. Plaintiff alleged that Defendant COOKING ROUND THE WORLD, INC. (CRW) regarded Charging Party Alexis Le (Le) as disabled by latent tuberculosis (TB) and failed to provide her work assignments with children.

To avoid the additional expense, delay, and uncertainty that would result from further litigation of this lawsuit, the Parties enter into this Consent Decree.

The Court has reviewed the terms of this Consent Decree considering the pleadings, the record and the applicable law, and now approves this Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

## SECTION I.  GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the Parties to this action.  This Court will retain jurisdiction over this Decree for all purposes until expiration of Defendant's obligations as set forth herein.

2. This Consent Decree constitutes a full resolution of this case, *EEOC v. Cooking Round the World,* Case No. 3:18-cv-05880-EDL, U.S. District Court, District of San Francisco, and all allegations set forth in Plaintiff's complaint and Ms. Le's charge of discrimination filed with the EEOC.  The Consent Decree does not, however, resolve any other charges or future charges that may be pending with the EEOC.

3. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

4. This Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by CRW of a violation of the ADA.

5. This Consent Decree shall become effective upon its entry by the Court.

6. Each Party shall bear its own costs and attorneys' fees.

## SECTION II.  INJUNCTIVE RELIEF

1. CRW and its officers, managers, agents, successors and assigns are enjoined from unlawfully discriminating against any applicant or employee due to his or her disability or perceived disability, and failing to gather sufficient scientific or objective medical information to determine whether a medical condition it perceives to be a disability would prevent the person from working; from disclosing applicant or employee medical information unless disclosure is necessary to

1   implement workplace accommodations; and from commingling medical records with other

2   employment records.

3       2.    Defendant will provide prior written notice to any potential purchaser of Defendant's

4   business, or a purchaser of all of a portion of Defendant's assets, and to any other potential

5   successor, of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence

6   and contents of this Consent Decree for the two-year duration of the Decree.

7       3.    To accomplish the objectives of this Consent Decree, CRW shall:

8   **Training.**

9       4.    Within thirty (30) days after the entry of this Consent Decree, CRW's CEO Mindy

10   Myers shall review the California Education Code with respect to its treatment of employees,

11   applicants and school children who may be infected with latent TB.  CRW's CEO must certify under

12   penalty of perjury that she has complied with this directive within twenty-one (21) days of

13   completing it.

14       5.    Within ninety (90) days of entry of this decree, CRW shall provide ADA training to

15   all CRW current management employees.  The training shall include approximately two-hours of

16   instruction regarding the ADA, including the recordkeeping and confidentiality requirements of the

17   statute.  CRW can utilize a webinar or procure pre-recorded training for this purpose.  The

18   approximation of time for the length of the training is intended to recognize that CRW may not be

19   able to locate a webinar or pre-recorded training that is exactly two-hours long.  CRW shall provide

20   this training to all new management hires within fifteen (15) days of their hire.

21       a.   Simultaneous with the ADA training, CRW shall at the same time provide

22       instruction to all managers regarding its EEO policies and its internal complaint

23       resolution policies and procedures.

24       b.   CRW shall submit to the EEOC for its review and consideration the ADA training

25       materials it selects no more than thirty (30) days before implementation.  The

26       EEOC will notify CRW within ten (10) days of receipt of these materials if it has

27       any concerns about the content.  If the Commission does not object to the training

28       materials within ten (10) days of its receipt of these documents, then such non-

1    response shall be deemed an acknowledgment that the EEOC does not object to

2    the materials.

3        c.   All persons attending mandatory training pursuant to this Decree shall sign an

4            acknowledgment of his or her attendance at the training, the date of the training,

5            and his or her position with the company.  CRW shall provide a copy of these

6            acknowledgements to the EEOC as part of the reporting requirements specified in

7            Section V below.

8        6.    Annually throughout the duration of the Decree CRW will provide ADA training for

9    its non-management employees during a regularly-scheduled mandatory meeting.  The first such

10   training shall occur no later than December 31, 2019.  The second training shall occur no later than

11   December 31, 2020.  The training shall provide an overview of the ADA, including, without

12   limitation, prohibited practices under the ADA, the statutory definitions of a disability, the

13   availability of reasonable accommodations, prohibitions against retaliation and prohibitions against

14   disclosure of confidential medical information.  CRW shall provide written materials to supplement

15   the training.

16        a.   CRW shall submit to the EEOC for its review and consideration the ADA training

17            materials it selects no more than thirty (30) days before the mandatory staff

18            meeting.  The EEOC will notify CRW within ten (10) days of receipt of these

19            materials if it has any concerns about the content.  If the Commission does not

20            object to the training materials within ten (10) days of its receipt of these

21            documents, then such non-response shall be deemed an acknowledgment that the

22            EEOC does not object to the materials.

23        b.   All persons attending mandatory training pursuant to this Decree shall sign an

24            acknowledgment of his or her attendance at the training, the date of the training,

25            and his or her position with the company.  CRW shall provide a copy of these

26            acknowledgements to the EEOC as part of the reporting requirements specified in

27            Section V below.

28        7.    CRW shall bear the cost of all training required by the Decree.

**Policies.**

8.      Within ninety (90) days after the entry of this Consent Decree, CRW shall create or revise existing ADA policies for dissemination to current employees and new hires.  The revised policies shall be disseminated to current employees within ten (10) days of adoption and to newly hired employees within ten (10) days of their hire.  These policies shall, at a minimum:

   a.   prohibit discrimination based on a disability or perceived disability;

   b.   advise applicants and employees about their right to seek a reasonable accommodation under the ADA;

   c.   adopt a process for determining whether an applicant or employee with an actual or perceived disability is able to perform the essential functions of the position, and for responding to requests for reasonable accommodation;

   d.   assure employees that CRW will abide by the confidentiality requirements of the ADA; and

   e.   assure employees that CRW will not retaliate against them for exercising their rights under the ADA.

9.      CRW shall submit to the EEOC for its review and consideration its revised policies upon completion, but no later than ninety (90) days of entry of this Decree.  The EEOC will notify CRW within ten (10) days of receipt of the policies if it has any concerns about the new policies or proposed revisions.  If the Commission does not object to the new policies or proposed revisions within ten (10) days receipt, then such non-response shall be deemed an acknowledgment that the EEOC does not object to the new policies or modifications.

10.     Within one hundred twenty (120) days after the entry of this Consent Decree, CRW shall also adopt a policy and procedures for applicants and employees to use to file an internal complaint of disability discrimination, including a complaint that CRW is regarding them as having a disability, and the processes by which CRW will investigate such complaints.

   a.   The internal complaint policy shall, at a minimum: (a) identify points of contact through which employees can lodge complaints, including their contact information; (b) allow complaints to be submitted verbally, without need of the

submission of a written statement, and anonymously; (c) state that the confidentiality of complainants will be maintained to the extent feasible; (d) state that CRW will investigate the complaint; and (e) state that CRW will inform the applicant or employee about the results of the investigation.

b. CRW shall implement an investigation procedure to ensure fair and competent investigations of internal complaints of discrimination.  The procedures shall, at a minimum, include:  (a) a requirement that CRW will endeavor in good faith to begin the investigation of a complaint no later than five (5) business days after the receipt of a complaint and complete it within fifteen (15) business days; (b) a requirement that appropriate remedial action will be taken upon conclusion of the investigation; (c) a requirement that the findings and corrective action will be memorialized in writing, including, at a minimum, a summary of the allegations of the complaint, copies of all documentary evidence obtained or reviewed; an explanation of investigative findings and a description of any corrective action taken; and, (d) a requirement that the results of each investigation, including remedial or disciplinary action taken, be communicated to the complainant within five (5) business days of the conclusion of the investigation.

c. CRW shall submit the complaint policy and procedures to the EEOC upon completion, but no later than one hundred twenty (120) days after entry of this Decree. The EEOC will notify CRW within ten (10) days of receipt of the policy if it has any concerns about the complaint policy and procedures.  If the Commission does not object to complaint policy and procedures within ten (10) days, such non-response shall be deemed an acknowledgment that the EEOC does not object to the new policy or modifications.

/ / /

/ / /

/ / /

## SECTION III.  RELIEF TO ALEXIS LE

**Monetary Relief.**

1.      CRW shall pay Alexis Le $3000.00 (three thousand dollars and no cents) in monetary relief as full settlement of all claims in this lawsuit and the charge of discrimination she filed with the EEOC.  The monetary relief will be paid in installments. The monetary relief will be characterized as compensation for emotional distress, pain and suffering.  Defendant shall issue an IRS Form 1099 to Ms. Le for the monetary relief paid.

2.      On the fifth day of the first month following entry of this Consent Decree, CRW shall issue a check for the first installment of $500.00 (five hundred dollars and no cents).

3.      Beginning on the fifth day of the second month following entry of the Consent Decree  and continuing on the fifth day of every month for a period of five months, CRW shall issue a check made payable to Alexis Le in the amount of $500.00 (five hundred dollars and no cents) until the balance of the settlement is paid in full.

4.      All settlement checks shall be sent by certified mail, return receipt requested, to an address which the EEOC shall provide to CRW and counsel for CRW within five (5) days of entry of this Decree.

5.      An IRS Form 1099 designating settlement payments as "other income" shall be issued to Ms. Le. CRW within time frames required by the IRS.

6.      CRW shall send a copy of each settlement check and the IRS Form 1099 to the EEOC within three (3) days after they are issued via email to the email address listed in Section V, below.

**Non-Monetary Relief.**

1.      CRW shall provide Alexis Le with a letter of reference within fifteen (15) days of the entry of this Decree.  *See* Exhibit B. The letter shall be issued on CRW's letterhead addressed "To Whom It May Concern" and undated so that Ms. Le is able to make multiple copies of this recommendation.

2.      CRW shall provide a neutral reference to all prospective employers who contact CRW about Ms. Le.  CRW shall not disclose in any way to the fact that Ms. Le has latent TB or that she filed a Charge of Discrimination against CRW or was involved in this lawsuit.

3.      CRW shall keep a record of any references provided to prospective employers, including the date the reference was requested, the name of the employer requesting the reference, the date the reference was given, the person who provided the reference and whether it was provided in writing or by telephone.

## SECTION IV.  NOTICE

1.      Within thirty (30) days of entry of this Consent Decree, CRW shall post the notice attached as Exhibit A in its office reflecting the resolution of this lawsuit and summarizing the injunctive relief provided.  Within ten (10) days of posting Exhibit A, CRW will send the EEOC a certification that the Notice has been posted.

## SECTION V.  REPORTING AND COMPLIANCE

1.      Six (6) months after entry of this Consent Decree and every six (6) months thereafter during the term of the Decree, CRW will submit a report to the EEOC which provides the following information:

      a.   Copies of the acknowledgments from the mandatory training required by Section II, paragraphs 2 through 5 above;

      b.   Certification that the Notice, Exhibit A, has been posted as required by Section IV, above;

      c.   A copy of all documentation related to any complaints of disability discrimination received during the previous six (6) months and CRW's investigation and resolution of those complaints; and

      d.   The identities of any employers who have requested a reference from CRW regarding Ms. Le.

2.      CRW shall permit the EEOC to inspect its personnel records upon request, to ensure compliance with the Decree.  The EEOC will not seek inspection more than one time per year.

3.      CRW shall submit a written certification to the EEOC verifying CRW's compliance with the terms of the Consent Decree sixty (60) days prior to the expiration of this Consent Decree; and

4. All documents or information CRW is required to submit to the EEOC under the terms of

1   this Consent Decree shall be sent to the EEOC via email to the following email address: eeoc-

2   sfdo_compliance@eeoc.gov.

## SECTION VI.  RETENTION OF JURISDICTION AND EXPIRATION

4   ## OF CONSENT DECREE

5          This Consent Decree shall terminate two (2) years from the date of entry by the Court, unless

6   the EEOC petitions this Court for an extension of the Decree because of non-compliance by CRW.

7   If the EEOC determines that CRW has not complied with the Consent Decree, the EEOC will

8   provide written notification of the alleged breach and will not petition the Court for enforcement

9   sooner than thirty (30) days after providing such written notification.  The thirty-day (30) period

10  following written notice shall be used by the parties for good faith efforts to resolve the issue.  If the

11  EEOC petitions the Court and the Court finds CRW to be in substantial violation of the terms of the

12  Decree, the Court may extend this Consent Decree.

13         Except for the Court's retention of jurisdiction solely to enforce this Consent Decree as

14  provided in the preceding paragraph two (2) years after the entry of this Consent Decree, this lawsuit

15  will be dismissed with prejudice effective upon the Court's approval of this Consent Decree.

16         CRW will be deemed to have complied substantially if the Court has not made any findings

17  or orders during the term of the Decree that CRW has failed to comply with any of the terms of this

18  Decree.  This Consent Decree will automatically expire without further Court Order.

19  Dated:  July __, 2019                          /s/ *Debra A. Smith*
                                                   _____
20                                                 Debra A. Smith
                                                   Attorney for Plaintiff EEOC
21

22   Dated:  July __, 2019                         /s/ *William D. Whiteman*
                                                   _____
                                                   William D. Whiteman
23                                                 Attorney for Defendant CRW

24  ## LOCAL RULE 5-1(i)(3) ATTESTATION

25         I, Debra A. Smith, am the ECF User whose ID and password are being used to file the
    foregoing document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that William D.
26  Whiteman concurred in this filing

27                                    By:  /s/ *Debra A. Smith*
                                         _____
                                         Debra A. Smith
28  / / /
    .

1   [PROPOSED] AMENDED
    CONSENT DECREE                              9                          3:18-cv-05880-EDL

1

## <u>ORDER APPROVING CONSENT DECREE</u>

2

The Court, having considered the foregoing stipulated agreement of the parties, HEREBY

3

ORDERS THAT the Consent Decree be, and the same hereby is, approved as the final decree of this

4

Court in full settlement of this action.  This lawsuit is hereby dismissed with prejudice and without

5

costs or attorneys' fees.  The Court retains jurisdiction of this matter for purposes of enforcing the

6

Consent Decree approved herein.

7

IT IS SO ORDERED:

8

9

Executed this 30th day of  July 2019.

10

_____
HON. ELIZABETH D. LAPORTE

11

United States District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**
**NOTICE TO ALL EMPLOYEES**

2

3          This Notice is being posted pursuant to a Consent Decree entered by the federal court in
*EEOC v. Cooking Round the World, Inc.,* Case No.: 3:18-cv-05880-EDL, resolving a lawsuit filed

4   by the U.S. Equal Employment Opportunity Commission (EEOC) against *Cooking Round the*
*World, Inc. (CRW)* (Defendant).  The EEOC is the federal agency responsible for enforcing laws

5   against discrimination in employment.

6          Title I of the Americans with Disabilities Act of 1990, as amended (ADA), covers
individuals who have a physical or mental impairment that substantially limits one or more major

7   life activities, who have a record of such impairment, or who are regarded as having such
impairment. The ADA prohibits discrimination against individuals with disabilities in all

8   employment practices, including job application procedures, post-offer and other employment-
related medical evaluations, hiring, firing, advancement, compensation, training, and other terms,

9   conditions, and privileges of employment.  The ADA also requires employers to provide reasonable
accommodations that enable people with disabilities to perform their jobs. The ADA also requires

10  employees to maintain the confidentiality of its employee's medical records and to keep such
medical records separate and apart from the employee's other personnel documents.  The ADA

11  further prohibits retaliation against employees or applicants who avail themselves of the rights
provided by the ADA by engaging in protected activities such as filing a charge of discrimination

12  and/or testifying or participating in an investigation conducted by the EEOC.

13

14         To resolve this case, Defendant and the EEOC have entered into a Consent Decree through
which Defendant has agreed to comply with the ADA in all respects, and specifically by not

15  discriminating against any applicant or employee due to his or her disability or perceived disability
and by failing to gather sufficient scientific or objective medical information to determine whether a

16  medical condition it perceived to be a disability would prevent the person from performing the
essential functions of his or her position.  Defendant also agreed that it will not take any adverse

17  employment actions against applicants or employees for requesting a reasonable accommodation.
As part of the terms of the Consent Decree, Defendant also will modify its employment policies, and

18  will provide training to managerial and non-managerial employees regarding the ADA.

19

20         If you have a complaint of employment discrimination or questions regarding laws
prohibiting employment discrimination, you may seek assistance from the EEOC's Oakland Local

21  Office at 1301 Clay Street, Suite 1170N, Oakland, CA 94612-5217 or by calling (510) 637-3230.
General information about the EEOC and the laws enforced by the EEOC may be obtained on the

22  Internet at www.eeoc.gov or by calling 1-800-669-4000 (TDD 1-800-669-6820).

23

24

    _____
25  [Name of posting official]

26  _____
    Date Posted:
27

28

.
1   [PROPOSED] AMENDED
    CONSENT DECREE

3:18-cv-05880-EDL

CRW LETTERHEAD

To Whom It May Concern:

I am writing as a reference on behalf of Alexis Le.

I own and direct a cooking and cultural education company where we teach children about countries around the world using food as the conduit to get there.  We train and hire teachers who open new understandings for children about cultures and the world, differences, and commonalities. It is a truly beautiful thing when a teacher can inspire children and they leave a class with a broadened pallet and desire to see the world.  Ms. Le was such a teacher!

Ms. Le worked for me both as a Lead Chef Educator as well as an assistant for more than three months.  She taught curriculum in Spanish and English.  She led eight-hour camp programs. She also worked our birthday parties and staffed camp fairs recruiting enrollment.  In every role, Ms. Le surpassed expectations.  She is someone whose word can be counted on.  She lives honestly and always came through, on time and committed.  She easily changed roles as she is flexible and undaunted.

The Cooking Round the World Program often attracts children with challenges.  Numerous times Ms. Le taught children with learning or behavior issues.  She capably integrated these children with challenges into the educational framework, allowing them to learn at the level of their ability. Her talent for blending abled and disabled learners into the same learning structure was most notable.

The role of Chef Educator required Ms. Le to shop, study the curriculum, prepare the room, teach, deal with classroom management issues, and clean up spotlessly.  Ms. Le was able to handle each of these duties with aplomb.  She was careful in her tasks and organized.

Sincerely,


Mindy Myers